**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL,** | * | |
| **INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-13-2188 |
| | * | |
| **F&R GROUP INVESTMENTS, LLC,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On July 29, 2013, Plaintiff Choice Hotels International, Inc. ("Choice") moved to enforce an arbitration agreement, rendered on March 19, 2013, against Defendants F & R Group Investments, LLC ("F & R") and Faraz A. Faiz ("Faiz") (collectively "Defendants"). ECF No. 1. On February 25, 2014, Defendants filed a Motion to Vacate Arbitration Award. ECF No. 9. On April 3, 2014, Plaintiff filed an Opposition to Defendant's Motion to Vacate Arbitration Award, ECF No. 15, and on April 18, 2014, Defendants filed a Reply, ECF No. 19. On May 8, 2014, with leave of the Court, Plaintiff filed a Surreply. ECF No. 23. For the reasons stated below, the Court will deny the motion to vacate and confirm the arbitration award.

## Factual Background

In late 2007 or early 2008 Choice and Defendants entered into a Franchise Agreement ("Agreement") under which Defendants would open and operate a hotel within the Choice franchise system. Motion to Vacate, ECF No. 9 ("Mot. Vacate"), p. 1. Section 15 of the Agreement states:

> All notices required or permitted under this Agreement must be in writing, must be personally delivered or mailed by registered or certified mail, return receipt requested, or by a nationally recognized courier service, to [Choice] and to you at the Designated Representative's address…. Any notice by registered or certified mail or by courier service is deemed given and received at the date and time of sending.

Mot. Vacate, Ex. A, p. 14.[1] The Agreement designates Faiz as the Designated Representative.

Mot. Vacate, p. 4. Additionally, Section 21 of the Agreement requires that:

> any controversy or claim arising out of or relating to this Agreement … will be sent to final and binding arbitration before … the American Arbitration Association … in accordance with the Commercial Arbitration Rules of the American Arbitration Association…. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear.

Mot. Vacate, Ex. A, p. 18.

On or about June 26, 2012, Choice filed with the American Arbitration Association ("AAA") an arbitration demand against the Defendants alleging breach of contract. Opposition, ECF No. 15 ("Opp."), p. 2. Choice also sent copies of the arbitration demand via certified mail to Defendants and their designated representative at the address Defendants supplied to Choice. *Id*. Return receipts indicate that the arbitration demands were received by a "Betty J. Simmons," despite being addressed to the proper designated representative, Faiz. Opp., Ex. A, p. 5.

Defendants did not appear at the arbitration hearing and an arbitration award was subsequently issued in favor of Choice. Throughout the process, Choice sent correspondence, including the executed Award, to Defendants at their proper address by certified mail. Surreply, ECF No. 23, Ex. A. In the early stages of the arbitration proceeding, return receipts were signed either by Betty J. Simmons or with an illegible signature. However, the last correspondence with a signature on the return receipt is the December 13, 2012 Notice of Arbitration Hearing, and the

---

[1] Even though this is an unsigned copy of the Agreement, neither party challenges its authenticity.

signature on the return receipt is illegible. Surreply, Ex. A, pp. 5, 9-10. Subsequent correspondence was delivered to Defendants at the proper address, but was not claimed. *Id*, Ex. A, pp. 11-44. Choice states that mail was never returned to senders as undelivered or undeliverable. Opp., p. 2. Further, Defendants do not dispute that Choice used the proper mailing address and in all of its correspondence. Mot. Vacate, p. 4.

The arbitrator rendered her final award on March 19, 2013, and a copy of the award was sent to Defendants by certified mail on or about March 20, 2013. Opp., p. 3. Choice then filed a petition to confirm the arbitrator's award on or about July 25, 2013, and a summons for Defendants was issued on July 30, 2013. *Id.*; *see also* ECF Nos. 1, 2. On November 23, 2013, Choice filed a motion for extension of time to effect service, claiming that multiple attempts to serve Defendants were unsuccessful. ECF No. 3. The motion was granted on November 26, 2013. ECF No. 4. On January 28, 2014, Choice moved for a second extension of time to effect service, as its process server had made numerous additional unsuccessful attempts and believed that the Defendants were attempting to avoid service. ECF No. 6. The motion was granted on January 29, 2014. ECF No. 7.[2]

Defendants claim they never received notice of the arbitration award by any party until they were served with the Application to Confirm Arbitration Award on February 5, 2014. Mot. Vacate, p. 6. On February 25, 2014, Defendants filed this Motion to Vacate the Arbitration Award, claiming that the award is in "manifest disregard of the law and not drawn from the essence of the governing arbitration agreement" because "Choice Hotels did not give Defendants

---

[2] Choice suggests that the Defendants may have specifically been avoiding service. Although the Court will not make a finding about whether this is the case, it notes that "if defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served…. Thus, courts view service by registered or certified mail as being complete when such is refused though [sic] the act of the defendant." *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 945 (10th Cir. 1987) (internal quotation omitted).

proper notice [of arbitration] pursuant to the Agreement." *Id.* at 7. In opposition, Choice claims that: (1) the Motion to Vacate was not timely filed pursuant to the three-month statute of limitations set out in the Federal Arbitration Act, 9 U.S.C. § 12, and (2) that Choice properly notified Defendants "of the initiation, administration, and conclusion of the arbitration proceedings" and of the "underlying arbitration award … in accordance with the terms of the parties' Franchise Agreement" and commercial arbitration rules. Opp., p. 1.

<u>Standard of Review</u>

"[A] federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act . . . or upon a showing of certain limited common law grounds." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006) (internal citation omitted). The FAA allows a reviewing court to vacate an arbitration award only on the following grounds:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality of corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2012). "The permissible common law grounds for vacating such an award … include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Patten*, 441 F.3d at 234 (citing *Apex Plumbing Supply, Inc.*, 142 F.3d 188, 193 & n. 5 (4th Cir. 1998)). Where a party was not properly notified

of the arbitration proceedings, that arbitration award does not draw its essence from the contract. *See Choice Hotels Intern., Inc. v. SM Property Management, LCC*, 519 F.3d 200, 210 (4th Cir. 2008).

Analysis

**I. Defendants' Motion to Vacate is Untimely**

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is *filed or delivered*." 9 U.S.C. § 12 (2012) (emphasis added). Defendants argue that because they did not *receive* notice until February 5, 2014, the statute of limitations to file a motion to vacate the award did not begin to run until February 5, 2014.

In support of their argument, Defendants rely on only one case, *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529 (D.C. Cir. 1989). In *Sargent*, the United States Court of Appeals for the District of Columbia Circuit considered 9 U.S.C. § 12 and held that "delivery" is meant to convey its ordinary meaning, and not "mailed or otherwise sent," when an arbitrator's decision was not delivered to the relevant address until a few days after it was placed in the mail. 882 F.2d at 531. However, the *Sargent* court dealt with the distinction between sending and delivery and acknowledged that "one can imagine cases in which the distinction [between 'delivery' and 'receipt'] could play a role." *Id.* It declined, however, to reach that issue because "[t]he [movants] acknowledge[d] receipt of the decision on the day it was delivered to the relevant address…." *Id.* In the present case, the distinction between "delivery" and "receipt" does play a role. Defendants do not acknowledge receipt of the arbitration decision until nine to eleven months after it was delivered to their address. As the *Sargent* court specifically did not

reach this issue, its lenient interpretation of "delivered" does not, as Defendants claim, control in the present case.

The Agreement states that "[a]ny notice by registered or certified mail … is deemed given and received at the date and time of sending." Mot. Vacate, Ex. A, p. 14.  Because Choice mailed notice of the arbitrator's award by certified mail on March 20, 2013, and the evidence indicates that the notice was delivered to the proper address, notice is deemed given and received, and thus "delivered," on March 20, 2013, whether or not Defendants acknowledge receipt on that date. *See, e.g.*, *Equipment Finance Group, Inc. v. Traverse Computer Brokers*, 973 F.2d 345, 347 (4th Cir. 1992) (holding sufficiency of process was not affected by the failed delivery of notice where the plaintiff complied with the statutory provisions for service of process). Therefore, the statute of limitations to file a motion to vacate the arbitrator's award expired on or about June 20, 2013, and Defendants' motion is not timely filed.[3]

## II. Defendants Were Properly Notified

In any event, Defendants were properly notified because Choice complied with the Agreement's requirements and the AAA Commercial Rules of Arbitration. Section 15 of the Agreement requires all notices to be "mailed by registered or certified mail, return receipt requested, … to … the Designated Representative's address," and that any such notice "is deemed given and received at the date and time of sending." Mot. Vacate, Ex. A, p. 14. Choice presented evidence indicating that their notices were sent in accordance with Section 15 of the Agreement, by certified mail with return receipt requested to the Designated Representative's address. *See* Surreply, Ex. A. Choice also supplied evidence that the notices were delivered to

---

[3] Even if notice of the award is deemed "delivered" when the notice was stamped "Unclaimed" at the Defendants' address on April 26, 2013, the three-month statute of limitations ran on or about July 26, 2013 and Defendants' motion is still untimely. *See* Surreply, Ex. A, p. 42.

the Designated Representative's address, but unclaimed (not undelivered) by Defendants or the

Designated Representative. *Id.* Because Defendants do not dispute that Choice used the proper

address, and Choice did not have any knowledge or reason to believe that their notices were not

being delivered to Defendants, sending notices according to the terms of the Agreement was

reasonably calculated to apprise Defendants of the pending arbitration proceedings.  Therefore,

Defendants were properly notified, even though they failed to acknowledge receipt.[4]

## **CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' Motion to Vacate Arbitration

Award [ECF No. 9] and confirm the arbitration award issued on March 19, 2013. A separate

Order follows.

Date: July 8, 2014 _____/s/_____

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[4] Defendants attempts to analogize this case to *Choice Hotels Intern., Inc. v. SM Property Management, LLC*, 519 F.2d 200 (4th Cir. 2008). Mot. Vacate at 7. In that case, "franchisees were not properly noticed about the arbitration proceedings because no notice was ever sent to the Franchisees' Designated Representative." *Id.* at 208. This is not the case here. See, Certification of John Bishop, Surreply, Ex. A.